## LILLY et al. v. CONNELY et al.

Court of Appeals of Kentucky.

March 19, 1954.

Clyde E. Vincent, Covington, Raymond R. Vincent, Williamstown, for appellants.

Vest & Vest, Walton, for appellees.

DUNCAN, Justice.

This appeal involves a construction of the will of D. W. Beall, who died testate in February, 1933. So far as pertinent to the controversy, the will provides as follows:

"Item 4. All the remainder of my estate, both real and personal, I give, devise and bequeath to my wife, Margaret Beall, for and during her natural life. Should the net income from all of my estate not be sufficient to amply support my said wife, then in the exercise of her discretion, she is hereby authorized to use so much of the principal of my personal estate as shall be needed for such purpose.

"Item 5. After the death of my said wife, I give and devise all property not used by her as follows: The one half thereof I give and devise to my sisters, Sue B. Williams, Margaret Mershon, Lizzie Abbett, Leona Lilly and Gertrude Harrison, and to my brothers, Virge Beall, Frank Beall, and Gilbert Beall, share and share alike, each being equal with the other; the remaining one half of my property I give and de-

vise to such persons or person, as my said wife, may, by last will and testament, appoint; or if she shall make no appointment, then after her death, the same shall pass to and vest in my brothers and sisters as aforesaid."

The widow, Margaret Beall, designated as the life tenant in Item 4, died testate in May, 1952. During the nineteen years following her husband's death, she received all income from the life estate and at the time of her death, she had accumulated net savings from that source in the amount of $17,028.47. This action was instituted by the heirs of D. W. Beall, to whom a one-half remainder interest is devised by Item 5 of his will, against the devisees of Margaret Beall to recover one-half of the unexpended income of the life estate. The single question presented is whether the property passes under the will of D. W. Beall or under that of his widow. The lower court sustained a general demurrer and dismissed the petition on the theory that the property passed under the will of Margaret Beall.

Appellants insist that under the will of D. W. Beall, the widow took only such income from the life estate as was necessary for her comfortable maintenance and support, and that the savings accumulated above that amount became a part of the corpus of the husband's estate and passed to his devisees under Item 5 of his will. Appellees on the other hand contend that the accumulation of income is an asset of Mrs. Beall's estate which passed to her devisees.

It is a fundamental rule of construction, applied without exception in all jurisdictions so far as our investigation discloses, that in the absence of a limitation or restriction in the instrument creating the estate, everything in the nature of income or benefits accruing during the continuance of a life estate belongs to the life tenant and at his or her death passes to the representative or devisees of the life tenant. 33 Am.Jur., Section 285, Page 790, Life Estates, Remainders, etc.

The identical question was presented to this Court in Cushenberry v. Neely, 216 Ky. 512, 287 S.W. 975, which involved the construction of a will strikingly similar to the quoted provisions of the will of D. W. Beall. It was there held that the words "my estate" as used in the Cushenberry will applied only to the property which the testator left at the time of his death and not to any augmentation in the way of income realized by the life tenant during the existence of the life estate. This case reviews at some length domestic and foreign authorities supporting the rule which it announces.

Of course, this rule, like all other rules of construction, must yield to the intention of the testator. If it is fairly discernible from the will as a whole that the testator intended that the life tenant should be restricted to such income as was necessary for support and maintenance, all income in excess of that amount passes to the remaindermen as a part of the corpus. Appellants seek to invoke this rule and point to that portion of Item 4 which provides, "Should the net income from all of my estate not be sufficient to amply support my said wife, then in the exercise of her discretion, she is hereby authorized to use so much of the principal of my personal estate as shall be needed for such purpose."

We regard this provision of the will as an addition to the life estate rather than a limitation or restriction of it. Certainly a power of encroachment on the corpus of an estate does not even suggest a limitation of the life estate. On the contrary, it is in addition to the estate and is commonly designated as a life estate with power of encroachment.

There is a growing tendency on the part of some courts to treat all life estates, including those expressly limited to support and maintenance of the life tenant, as including all of the ordinary incidents of a life estate with the right of a life tenant to fully own and possess all income and to enjoy its unrestricted use. Many of the cases invoke the principle that an estate fairly given by adequate language is not to be deemed cut down to a lesser interest by reason of expressions raising a mere doubt as

to the extent of the interest intended. A recent annotation appears in 26 A.L.R.2d Page 1207, in which the latest cases on both sides of the question are reviewed. In this case, we do not reach the question upon which these authorities disagree. Under either view, it is clear that by the provisions of Item 4 of the will of D. W. Beall, all income arising from the life estate became the property of the life tenant and passed under the provisions of her will.

The judgment is affirmed.