Thomas Eugene JASPER, Appellant,

v.

Anna B. JASPER, Executrix of the Estate of T. E. Jasper et al., Appellees.

Court of Appeals of Kentucky.

Nov. 5, 1954.

Russell Jones, Fritz Krueger, Somerset, Allen Prewitt, Frankfort, for appellant.

Gladstone Wesley, Ben D. Smith, Somerset, for appellees.

CLAY, Commissioner.

This suit was brought by plaintiff for a declaration of rights under Section 639 a–1 through 12 of the former Civil Code (now KRS 418.040 through 418.090), the purpose of the suit being to have the will of T. E. Jasper construed. This type of proceeding was specifically authorized by Section 639 a–2 of the Civil Code (now KRS 418.045).

Special and general demurrers were filed by the defendants, as was also a motion to make parts of the petition more definite and certain. After considering the merits of the controversy in some detail and delivering an eleven page opinion passing upon the issues raised, the Chancellor entered a judgment dismissing the petition, thereby declining to adjudge anything with respect to the parties' rights.

An examination of the petition convinces us that significant questions concerning the construction of this will were properly presented, and the general demurrer must be taken to admit an actual controversy existed. (Ordinarily a general demurrer (or a motion to dismiss under the new Civil Rules) is not a practical procedural device upon which a case of this sort should be finally decided). While it is true the court may refuse to declare the rights of the parties for several reasons set forth in Section 639a–6 of the Civil Code (now KRS 418.065), we are of the opinion the Chancellor erred in failing to enter a judgment deciding the issues in the case. Our reasons will appear as we proceed.

It was apparently the opinion of the Chancellor that: (1) the law was so well settled concerning the questions presented that the plaintiff was not entitled to an adjudication thereon; and (2) the court was being called upon to answer abstract questions because the petition did not ask for consequential relief.

 In our opinion the petition was not frivolous, and while the applicable legal principles may have been very clear to the Chancellor and may appear well settled to us, it is apparent that controversial questions, involving valuable property rights, are dependent upon the proper construction of this will. Therefore this proceeding seems a most appropriate one under the declaratory judgment act. With respect to the second apparent basis of the judgment, Civil Code Section 639 a–2 (now KRS 418.045) specifically authorizes this type of proceeding "even though no consequential or other relief be asked." In our opinion the rights and duties of the parties should have been adjudicated in the judgment and we will proceed to consider them.

Under Item 2 of the will of T. E. Jasper all of the residue of the testator's property was devised and bequeathed to his wife, the principal defendant, "for and during her natural life, or so long as she remains my widow". The remainder of the estate was devised and bequeathed to her children.

Item 3 was divided into three parts. It was first provided that the testator's wife, designated "Executrix", should have full power to sell any part of the estate for the purpose of reinvestment.

The second part of Item 3 provided as follows:

"I consider the income that will be derived from my real and personal estate as ample and sufficient to furnish my beloved wife, Anna B. Jasper, an abundance for the maintenance *and comfort* of her and our unmarried children residing with her, and *any luxuries she or they may desire,* and I direct that the *rents and income* from same shall be so used by her for the mainte-

nance and support of my said wife and any luxuries she may desire, and for the maintenance support and education of our unmarried children living and residing with their mother, and the expenditure of said income for said purposes *I leave to the discretion of my wife.*" (Our italics.)

The third part of Item 3 provided as follows:

"It is my will and desire that the principal of my estate that may come unto her hands as Executrix under the terms and conditions aforesaid shall remain intact, but, should my Executrix find it necessary for the maintenance and support of her and for the maintenance, support and education of our unmarried children living and residing with her, *she is authorized to use such of the principal* as may be needed for such purposes." (Our italics.)

The petition alleged that the widow claims the right to, and has disposed of the property of the decedent's estate, both real and personal, and has reinvested the proceeds in other property to which she took title in her name individually. The argument is made by the plaintiff that under Item 3 of the will the widow had no power to sell any property except as Executrix, and that if she sold for reinvestment, the property must be taken in her name as Executrix or in the name of the estate.

 The position of the plaintiff is well taken with respect to property of the estate which constitutes its corpus. It is apparent that the first part of Item 3, though referring to the widow as "Executrix" actually constitutes her a trustee of the corpus of the estate, in addition to the rights which she has in the estate as life tenant. She is therefore without authority to sell or dispose of the corpus and reinvest the proceeds in property in her own name as an individual.

We are then led to the question of what constitutes the corpus. This depends on whether or not the widow is entitled to all the income, dividends and rentals accruing

from the estate to use as her own. Plaintiff's contention in this connection is that under the second part of Item 3, since it directs that the rents and income shall be used for maintenance, support and education, her right to use such rents and income is limited to those purposes.

It may be said that this provision of the will is in a sense precatory, in that it generally expresses the testator's wishes with respect to the use of the income. The testator considers his estate "ample" to furnish "an abundance" for not only the maintenance but the "comfort" of the widow and her unmarried children. This income may be used for any "luxuries she or they may desire". Finally the expenditure of the income for the purposes expressed is left "to the discretion of my wife".

Even if the language of the second part of Item 3 may be read as restrictive, it is apparent from a consideration of the entire will that the testator did not intend this provision to be a limitation upon the estate previously devised. Item 2 of the will gives the widow an absolute life estate, unrestricted (unless she remarries). In view of this devise and the relationship of the parties, we believe that if the testator intended to place limitations upon the life estate, he should have done so by clear language.

 Examining the will in its entirety it is obvious the widow was the principal object of the testator's bounty. He first gave her an absolute life estate. In the third part of Item 3 of the will he authorized her to encroach upon the principal if necessary. He directed that she be permitted to qualify as Executrix without bond. In addition, the discretion given her in the will clearly demonstrates that the property devised and bequeathed was to be enjoyed fully by her as a life tenant and was not restricted to her maintenance and support. See Lilly v. Connely, Ky.1954, 266 S.W.2d 102.

We therefore conclude that the widow may use any income from the estate as her own for any purpose she desires, which would include the reinvestment of such income in other property of which she would be the absolute owner.

 This conclusion also answers another question raised by the petition as to whether or not the widow may dispose of the income from the estate by will, or in the event she does not leave a will whether or not it will descend to her heirs under the statute of descent and distribution. Since as life tenant all of the income is hers absolutely, it will pass as her property in either testate or intestate succession.

It may be pointed out here that the right to dispose of the income does not give the widow the right to dispose of the corpus of the estate except for purpose of reinvestment under the first part of Item 3, or for the purposes set forth under the third part of Item 3.

The plaintiff further contends that the widow is required to account to the Pulaski County Court and to make a settlement with that court. It is also contended that she may be removed as Executrix if she fails to make such a settlement.

 The will was probated many, many years ago, and we, as did the Chancellor, assume the widow has properly performed her duties as Executrix. As heretofore pointed out in the opinion, her duties under the first part of Item 3 of the will are those of a trustee rather than an executrix. Consequently she is not required to report or make a settlement with the Pulaski County Court with respect to her duties or acts as such trustee. The Chancellor properly decided that the widow's duties as Executrix are not properly presented and cannot be decided in this action.

Plaintiff's last contention is that the widow has not held the estate intact as she is required to do by the third part of Item 3. It is probable that this contention is based upon plaintiff's construction of the will, which we have decided unsound, concerning the rights of the widow in the income of the estate. It should be clear from what we have heretofore said that the widow must keep the corpus of the estate intact, except

for the necessary maintenance and support of herself and her unmarried children, and for the latters' education under the third part of Item 3.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.